IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KIMBERLY J. PETTAWAY,  )
                       )
        Plaintiff,     )
                       )
   v.                  )   Civil Action No. 3:18cv382–HEH
                       )
SCHOOL BOARD OF PRINCE )
GEORGE COUNTY, VIRGINIA, )
                       )
        Defendant.     )

## MEMORANDUM OPINION
### (Granting Defendant's Partial Motion to Dismiss)

THIS MATTER comes before the Court on a Motion to Dismiss Counts III and IV of the Second Amended Complaint (the "Motion" (ECF No. 36)) filed by the School Board of Prince George County, Virginia ("Defendant" or "School Board"). Kimberly Pettaway ("Plaintiff") timely filed a Memorandum in Opposition to the Motion to Dismiss (ECF No. 46), and Defendant filed its Reply on April 1, 2019 (ECF No. 47). The matter is now ripe for the Court's review, and the Court will reach its disposition without a hearing pursuant to Local Rule of Civil Procedure 7(J).

### I.   BACKGROUND

Plaintiff is an African-American woman who suffers from a disability. (Second Am. Compl. (ECF No. 35) ¶ 6.) In the Second Amended Complaint, Plaintiff alleges that she experienced unlawful discrimination and retaliation while working as a school bus driver for Prince George County Public Schools. (Second Am. Compl. *passim*.) Plaintiff alleges, for example, that non-African-American bus drivers were assigned new or newer

buses to drive, while Plaintiff was consistently assigned to drive older buses that experienced various mechanical issues. (*Id.*) In addition, Plaintiff alleges that non-African-American bus drivers were assigned bus routes that were more desirable than Plaintiff's assigned bus routes. (*Id.* ¶¶ 37, 41, 45.) After discussing her perceived discrimination with her supervisor and other county officials, Plaintiff was fired on February 22, 2017. (*Id.* ¶ 79.) Notably, the Second Amended Complaint does not state that alleged discrimination was the result of an official municipal policy or custom.

Defendant argues that Count III of the Second Amended Complaint, which alleges unlawful retaliation in violation of 29 U.S.C. § 794, is time barred by the one-year statute of limitation contained in Va. Code Ann. § 51.5–46(B).[1] (Def.'s Br. Supp. Mot. Dismiss (ECF No. 37) 4–5) In her Memorandum in Opposition to the Motion to Dismiss, Plaintiff concedes that Count III of the Second Amended Complaint is time barred. (Pl.'s Mem. Opp. Mot. Dismiss 2.) Accordingly, the Court need not address Count III and it will be dismissed with prejudice. Defendant also correctly argues that Count IV fails to plead a claim under 42 U.S.C. § 1981. (Def.'s Br. Supp. Mot. Dismiss 5–7.) However, Plaintiff argues that Count IV should be permitted to proceed despite Defendant's "hypertechnical" argument, and, in the alternative, Plaintiff requests leave to amend the Second Amended Complaint. (Pl.'s Mem. Opp. Mot. Dismiss 2–3.)

---

[1] "Because neither the Federal Rehabilitation Act nor the ADA specifies a statute of limitations, district courts must adopt the most analogous state statute of limitations for those Acts." *Childress v. Clement*, 5 F. Supp. 2d 384, 388 (E.D. Va. 1998) (citing 42 U.S.C. § 1988 (1994); *Wilson v. Garcia*, 471 U.S. 261, 266, 268 (1985)). "The Fourth Circuit has held that the Virginia Rights of Persons with Disabilities Act, Va. Code Ann. § 51.5–40 et seq., provides the most analogous statute of limitations for claims brought under the Federal Rehabilitation Act." *Id.* (citing *Wolsky v. Med. Coll. of Hampton Roads*, 1 F.3d 222, 223 (4th Cir. 1993)).

2

Putting aside the substance of the Second Amended Complaint, Plaintiff filed her original Complaint (ECF No. 1) on June 4, 2018. However, ten months later, the case has not moved beyond the pleading stage. This is due in part to Plaintiff's multiple requests for extensions of time to respond to Defendant's first and second Motions to Dismiss. (*See* ECF Nos. 8 and 24 (requesting extensions of time).) In addition, the Court has liberally granted Plaintiff leave to make two separate amendments in order to remedy deficiencies in her pleadings.[2] (*See* ECF Nos. 13 and 34.) Based in part on these multiple extensions and amendments, when the Court granted Plaintiff leave to file a Second Amended Complaint, the Court explicitly informed Plaintiff that "no additional leave to amend will be granted, nor will the Court grant Plaintiff additional extensions of time absent extreme circumstances." (ECF No. 34.)

## II. STANDARD OF REVIEW

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 951 (4th Cir. 1992). While "detailed factual allegations" are not required, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Thus, to survive a 12(b)(6) challenge, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, to a level that is "plausible on its face," *id.* at 570. In reviewing a 12(b)(6) motion, the Court assumes well-pleaded

---

[2] Each of Plaintiff's amendments mooted Defendant's previous Motions to Dismiss (ECF Nos. 6 and 22), which were before the Court at that time. (*See* ECF Nos. 17 and 34 (dismissing Defendant's Motions to Dismiss as moot).) Defendant's current Motion is the third motion that it has filed pursuant to Federal Rule of Civil Procedure 12(b).

3

allegations to be true and views a complaint's facts in the light most favorable to the plaintiff. *T.G. Slater & Son v. Donald P. & Patricia Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). However, legal conclusions are not entitled to the same deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On 12(b)(6) review, the Court "generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred," however, the Court may consider an affirmative defense when there are sufficient facts alleged in the complaint to make a ruling. *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). "This principle only applies, however, if all facts necessary to the affirmative defense 'clearly appear[] *on the face of the complaint*.'" *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993); also citing *Desser v. Woods*, 296 A.2d 586, 591 (Md. 1972)).

### III. DISCUSSION

Title 42, section 1981 of the United States Code provides that citizens shall have "the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981. A § 1981 claim "must be founded on purposeful, racially discriminatory actions that affect at least one of the contractual aspects listed in § 1981(b)." *Spriggs v. Diamond Auto Glass*, 165 F.3d 1015, 1018 (4th Cir. 1999) (citing *Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982)); *see also* 42 U.S.C. 1981(b) (listing actions considered to be

included in the term "make and enforce contracts"). Furthermore, and important to the outcome of the current matter, "when suit is brought against a state actor, [42 U.S.C.] § 1983 is the 'exclusive federal remedy for violation of the rights guaranteed in § 1981.'" *Dennis v. Cty. of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989)).

In her Second Amended Complaint, Plaintiff has not pleaded a § 1983 cause of action, and therefore, Plaintiff cannot vindicate the statutory right that § 1981 confers on her. *See id.* Furthermore, even if the Court granted Plaintiff leave to amend her pleading—for a third time—Plaintiff has not pleaded that the alleged discrimination she suffered was the result of an official municipal policy. *See Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) ("[I]t is by now well settled that a municipality is only liable under section 1983 if it causes such a deprivation *through an official policy or custom.*" (emphasis added (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978))).

> Municipal policy may be found in written ordinances and regulations, in certain affirmative decisions of individual policymaking officials, or in certain omissions on the part of policymaking officials that manifest deliberate indifference to the rights of citizens. Outside of such formal decision-making channels, a municipal custom may arise if a practice is so persistent and widespread and so permanent and well settled as to constitute a custom or usage with the force of law.

*Id.* (internal citations and quotation marks omitted). Also, it bears mentioning that a municipality cannot be held liable under § 1983 based upon a theory of respondeat superior. *Id.* Therefore, simply stated, Plaintiff's allegations fall short of the factual predicate that is necessary to hold a municipality liable in a § 1983 suit. Accordingly, even

5

if another amendment was granted, Plaintiff's Count IV is beyond resuscitation and it must be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion and Counts III and IV of the Second Amended Complaint will be dismissed with prejudice. An Order to that effect will accompany this Memorandum Opinion

/s/
Henry E. Hudson
Senior United States District Judge

Date: **April 4, 2019**
Richmond, VA